UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EMMETTE JACOB** | * | **CASE NO.:** |
| and    **CUPID'S CLOSET OF** | * | |
| **NEW IBERIA, LLC** | * | |
| | * | |
| **VERSUS** | * | **JUDGE:** |
| | | |
| **LOUIS M. ACKAL,** | * | |
| in his official capacity as | * | |
| **Sheriff of Iberia Parish, Louisiana** | * | **MAGISTRATE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come plaintiffs **Emmette Jacob,** a person of the age of majority and a resident of St. Martin Parish Louisiana, and **Cupid's Closet of New Iberia LLC**, who respectfully represent as follows:

1. Made defendant herein is **Louis M. Ackal**, is a citizen and resident of Louisiana.  At all times material to this action, Mr. Ackal has been the Sheriff of Iberia Parish Louisiana. Defendant is sued herein strictly in his official capacity as Sheriff of Iberia Parish. Defendant is indebted unto plaintiffs Jacob and Cupid arising out the following.

2. On or about May 22, 2012, Sheriff Ackal's deputies and agents, who were at all times relevant hereto employed by the defendant and on official business on behalf of the defendant

1

raided a business establishment in Iberia Parish owned and operated by plaintiffs Jacob and Cupid.

3.  The defendant's agents, acting with the benefit of a warrant, seized various items of tangible goods owned by plaintiff Cupid and which plaintiff was holding out for sale in its place of business. Although the property was entirely legal the defendant's agents seized and removed the plaintiff's property without payment. Thereafter defendant's agents seized or froze several bank accounts owed by plaintiff Jacob and Cupid, which seizure was conducted without a warrant to the best of plaintiffs' knowledge.

4.  The seizure of plaintiffs' movable property and money was in violation of the Fifth and Fourteenth Amendment of the United States Constitution.  The actions of defendant Ackal and his agents were at all times taken under the color and authority of law. Furthermore, the actions of defendant Ackal and his agents were in violation of the plaintiffs' well established and well known constitutional and civil rights.  As such, the conduct of Defendant and his agents was in violation of 42 U.S.C. §1983.

## Jurisdiction

5.  Jurisdiction of this Court is founded upon 28 U.S.C. §1331 as this case arises out of the laws and the Constitution of the United States of America.

## Venue

6.  Venue is proper in this Court as all the acts described herein occurred within the Western District of Louisiana.

## Factual Background

7.  Plaintiff Jacob is the owner of plaintiff Cupid's Closet of New Iberia LLC. Cupid is the operator of a retail business located at 7200 Highway 90 West, New Iberia, Louisiana.

8. On May 22, 2012 deputies and agents acting on behalf of and at the direction of defendant Ackal conducted a raid of the plaintiffs' business establishment at 7200 Highway 90 West, New Iberia, Louisiana.

9. Acting with the benefit of a search warrant defendant's agents seized from the business establishment a substantial amount of "a botanical sachet", including the brand known as "*Bayou Blaster.*" Additionally, defendant's seized currency from the cash register and safe.

10. In addition to the seizure of the *Bayou Blaster* and related product and currency defendant's agents also seized from the business various other products which are not contraband, which are not described in the search warrant, and which are entirely legal under Louisiana law.

11. Thereafter the defendant's deputies and agents went to Chase Bank and effected a seizure of various bank accounts belonging to plaintiffs, including a business account held by plaintiff Cupid and a personal account in the name of plaintiff Jacob. No warrant for the seizure of these accounts was presented to plaintiffs, either before or after the seizure.

12. Defendant's agents and deputies were at all relevant times acting in the course and scope of their employment with Sheriff Ackal and pursuant to the policies and practices of defendant Sheriff Louis M. Ackal.

13. The seizure of plaintiffs' property pursuant to the orders of defendant Ackal occurred despite the fact that plaintiffs' possession and sale of the "*Bayou Blaster*" and related product were at the time of the seizure entirely permissible and legal under Louisiana law.

14. Plaintiff maintains that the actions of the agents of the Sheriff in seizing products which are entirely legal, and seizing money which was generated entirely from legal business transactions, constitutes a deliberate policy of the defendant Sheriff. Alternatively, the actions of

the Sheriff's agents resulted from their lack of training, their failure to properly investigate the chemical make-up of the "*Bayou Blaster*" and related product, and their unfamiliarity with the law.

15.     The conduct of the agents described herein was authorized by the Sheriff, supported facially by a search warrant, and followed defendant's standard policies and practices for the seizure of "illegal substances". As such, the conduct complained of was neither random nor "unauthorized". Plaintiffs maintain that the defendant Ackal delegated to his various deputies and agents the power and authority to effect the deprivations complained of herein and that the conduct complained of herein was entirely within the scope of the delegated authority.

16.     Prior to depriving the plaintiffs of their property and money defendant and his agents could have and should have taken reasonable steps to determine whether the goods were illegal and whether the money seized was generated by criminal conduct. However, despite ample opportunity to do so defendant chose not to afford plaintiffs any pre-deprivation due process remedies or opportunities.

## FIRST CAUSE OF ACTION

### Violation of Civil Rights Pursuant to 42 USC 1983

17.     Plaintiffs reallege and incorporate, as though fully set forth herein, each and every allegation set forth above.

 18.    Pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States defendant Sheriff and other governmental agencies may not deprive citizens such as the plaintiffs of their rights in property without due process of law.

19.     The due process and property rights enumerated in the Constitution are well established rights, and rights which are well known to defendant Ackal, his agents and deputies, and all other reasonable law enforcement officials.

20.     The actions of defendant Ackal and his agents in seizing the plaintiff's movable property and money and depriving plaintiffs of their rights in the subject property were conducted without affording plaintiff any procedural due process of law.

21.     The actions of defendant Ackal and his agents in seizing the plaintiff's movable property and money and depriving plaintiffs of their rights in the subject property deprived plaintiffs of their rights to substantive due process of law.

22.     The actions of defendant Ackal and his agents in seizing the plaintiffs' movable property and money and depriving plaintiffs of their rights in the subject property were actions taken under the authority and color of law.

23.     The actions of defendant Ackal set forth hereinabove were in violation of the plaintiffs' civil rights and are actionable pursuant to 42 USC §1983. Plaintiffs seek an award of reasonable damages compensating them for the loss of their property, lost profits, interference with their business, and other damages which may be proven at time of trial.  Plaintiffs also seek punitive damages as authorized by federal law and interest from the date of judicial demand.

24.     Pursuant to 42 U.S.C § 1988 plaintiffs are also entitled to an award of attorney's fees and costs expended in the prosecution of this litigation.

WHEREFORE Plaintiffs Emmette Jacob and Cupid's Closet of New Iberia, LLC respectfully pray that after due proceedings had that judgment be rendered in their favor and against defendant Ackal, finding defendant liable for the violation of plaintiffs' civil rights pursuant to 42 U.S.C. § 1983, and:

a.	Awarding plaintiffs all damages to which they may be entitled including compensatory damages, lost profits, and punitive damages;

b.	Awarding attorney's fees and costs pursuant to 42 U.S.C § 1988 as well as interest from the date of judicial demand;

c.	Granting plaintiffs all other relief which may be warranted by law and the evidence, and as the Court may deem proper under the circumstances.

          Respectfully Submitted,
          BOOTH & BOOTH

          /s/ Vincent J. Booth
          Vincent J. Booth (#18565)
          138 North Cortez Street
          New Orleans, Louisiana 70119
          Telephone:     (504) 482-5292
          Facsimile:     (800) 469-2185
          Email:  vbooth@boothandbooth.com
          Counsel for plaintiffs Emmette Jacob and Cupid's Closet of New Iberia LLC