UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EMMETTE J. JACOB, JR., ET AL. | * | CIVIL NO. 6:12-1338 |
| VERSUS | * | JUDGE DOHERTY |
| LOUIS M. ACKAL, ET AL. | * | MAGISTRATE JUDGE HILL |

MEMORANDUM RULING

Pending before the Court is the defendants Motion to Stay Proceedings Pending Disposition of Plaintiff's Criminal Proceedings. [rec. doc. 17]. By this Motion, the defendants seek to stay this action until the pending state criminal prosecution against plaintiff Emmette J. Jacob, Jr. has been completed. The plaintiffs have filed Opposition. [rec. doc. 21]. The Motion was referred to the undersigned Magistrate Judge for ruling. [rec. doc. 20].

For the following reasons, the Motion to Stay [rec. doc. 17] is **GRANTED**, and accordingly, this action is stayed in its entirety until the criminal proceedings against plaintiff Emmette J. Jacob, Jr. are completed, subject to the following conditions:

   a. Within thirty (30) days of the date the state court criminal proceedings have concluded, plaintiffs must file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. *See Wallace v. Kato*, 549 U.S. 384 (2007).

   b. If the criminal proceedings are not concluded within six (6) months of the date that this case is stayed, plaintiffs shall file a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every three (3) months thereafter until the stay is lifted.

## STATEMENT OF CLAIM

Before the court is a civil rights action filed by plaintiffs Emmette J. Jacob, Jr. ("Jacob"), Cupid's Closet of New Iberia, LLC ("Cupid") and Emmette Enterprises, LLC ("Emmette"). Jacob is the owner of both Cupid and Emmette. In their Original, Amended and Second Amended Complaints, plaintiffs name Iberia Parish Sheriff Louis M. Ackal ("Ackal"), Deputies Jason Comeaux ("Comeaux") and Cody Vaughn ("Vaughn"), and JP Morgan Chase Bank, N.A. ("Chase").

Plaintiffs allege that their civil rights were violated when on May 22, 2012, Comeaux and Vaughn unlawfully "raided" Cupid, a retail business, and with the benefit of a warrant, unlawfully seized allegedly legal property (goods described as "a botanical sachet", bearing the brand name "Bayou Blaster Redoux") which was being sold in the store as well as currency from the store. Plaintiffs further allege that Comeaux and Vaughn thereafter also unlawfully seized business and personal bank accounts at Chase owned by Jacob, Cupid and Emmette, without a warrant, by Notice of Forfeiture served on Chase. These actions are alleged to have been in violation of plaintiff's Fourth, Fifth and Fourteenth Amendment rights which prohibit illegal search and seizures and deprivations of property without due process of law. Plaintiffs additionally allege that because Chase "colluded, assisted, and conspired" with Ackal, Comeaux and Vaughn, Chase has likewise violated plaintiff's constitutional rights. Plaintiffs' constitutional claims are filed pursuant to 42 U.S.C. § 1983. Plaintiffs pray for an award of compensatory, special and punitive damages, as well as declaratory and injunctive relief.

As a result of the alleged illegal seizures, Jacob was arrested on June 30, 2012, and was subsequently charged Bill of Information with to following criminal charges: (1) unlawful production, manufacturing, distribution or possession of a prohibited plant, (2) possession with intent to distribute a schedule I controlled dangerous substance, to wit, synthetic cannabinoids, (3) transactions involving proceeds from drug offenses, and (4) racketeering. Jacob has been formally arraigned and trial on these criminal charges is set for March 11, 2013.

## LAW AND ANALYSIS

In light of the above, by this action, plaintiffs contest the legality of the search and seizure of alleged synthetic cannabinoids, which were being sold at Cupids, and the alleged proceeds of these sales held in the plaintiffs' business and personal Chase bank accounts. Further, it is clear that plaintiffs seek monetary damages based on alleged violations of their Constitutional rights stemming from these challenged search and seizures. It is undisputed that criminal narcotics and racketeering charges remain pending against Jacob in the Sixteenth Judicial District Court for Iberia Parish.

If Jacob is ultimately convicted of the pending narcotics and racketeering charges, plaintiffs may not be entitled to seek damages for the search and seizure of the tangible goods from Cupid's or funds in their Chase bank accounts, until such time as the convictions in question have been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994). The Fifth Circuit explained the *Heck* analysis as follows:

> When a plaintiff alleges tort claims against his arresting officers, the district court must first consider whether a judgment in favor of the plaintiff would necessarily

imply the invalidity of his conviction or sentence. If so, the claim is barred unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

*DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007).

Thus, unless Jacob proves that his convictions or sentences have been reversed, expunged or otherwise declared invalid, he could not recover damages for an alleged violation of his constitutional rights because a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted. *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008); *See also Wilbon v. Louisiana*, Civil Action No. 10-4281, 2010 WL 5598336 at *4 (E.D. La. 2010) ("*Heck* likewise bars a related illegal search and seizure claim.) *citing Johnson v. Bradford*, 72 Fed. App'x 98, 99 (5th Cir. 2003) and *Hall v. Lorenz*, No. 02-50312, 2002 WL 31049457 (5th Cir. 2002) (holding that *Heck* barred the plaintiff's illegal arrest and illegal search and seizure claims because, if successful, they would undermine the validity of the plaintiff's conviction).

However, because Jacob's criminal prosecution remains pending and no conviction has therefore been obtained, *Heck* does not apply.[1]  *See Wallace v. Kato*, 549 U.S. 384, 393-394,

---

[1] Relying on cases which predate the United States Supreme Court's decision in *Wallace v Kato*, both parties argue extensively why the *Heck* principle should or should not be applied to this case. *Wallace* forecloses these arguments. *Wallace* made clear that the *Heck* rule "is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment'"; *Heck* does not bar "an action which would impugn an anticipated

**4**

127 S.Ct. 1091 (2007). However, federal courts are authorized to stay civil rights claims attacking the legality of a plaintiff's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *See Wallace*, 549 U.S. at 393-394. The *Wallace* Court stated as follows:

> If a plaintiff files a false-arrest claim before he has been convicted *(or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial)*, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *See id.*, at 487-488, n. 8, 114 S.Ct. 2364 (noting that "abstention may be an appropriate response to the parallel state-court proceedings"); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Edwards v. Balisok*, 520 U.S. 641, 649, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); *Heck*, 512 U.S., at 487, 114 S.Ct. 2364.

*Id.* (emphasis added).

In accordance with that authorization, district courts within the Fifth Circuit, as well as this federal district court, have routinely stayed civil rights actions when criminal charges remain pending. *Pellerin v. Neustrom,* 2011 WL 6749019 (W.D. La. 2011)*; Hughes v. Gueydan Police Dept.,* 6:10-1570, doc. 49 (W.D. La. 2010)*; Alexander v. City Police of Lafayette,* 6:11-1749, doc. 11 (W.D. La. 2011); *Hood v. Smith*, 2011 WL378786, *3-4 (E.D. La. 2011) (staying claims for illegal arrest and illegal seizure of evidence on which pending criminal charges are based under the *Wallace* reasoning); *Quinn v. Guerrero*, 2010 WL

---

criminal trial . . . ." *Id*. at 393-394.

412901, *2 (E.D. Tex. 2010); *Fox v. Campbell*, 2009 WL 10786809 (E.D. Tex. 2009); *Holt v. Jefferson Parish Sheriff's Office*, 2007 WL 4114357, *5-6 (E.D. La. 2007) (relying on *Wallace* to stay a claim for fabrication of evidence); *Profit v. Ouachita Parish*, 2010 WL 1643800, 2010 WL 1643798, 3:09-cv-1838, docs. 25 and 37 (W.D. La. 2010); *Anderson v. Madison Parish Sheriff's Dept.*, 3:09-cv-0223, doc. 17 (W.D. La. 2010); *Caldwell v. Lambert*, 2010 WL 3036488, 3:10-cv-0526, docs. 7 and 9 (W.D. La. 2010); *Brown v. Hill*, 2010 WL 1734721, 3:09-2170, docs. 10 and 11 (W.D. La. 2010).

Indeed, this Court has stayed at least three actions, on facts substantially similar to the present action, seeking to challenge the constitutionality of a search and seizure relating to pending criminal charges. *See Pellerin v. Neustrom,* 2011 WL 6749019 (W.D. La. 2011)*; Hughes v. Gueydan Police Dept.,* 6:10-1570, doc. 49 (W.D. La. 2010)*; Alexander v. City Police of Lafayette,* 6:11-1749, doc. 11 (W.D. La. 2011).

Although Jacob's criminal prosecution can move forward toward conviction regardless of this pending civil rights action, the question faced by this Court is whether plaintiffs' damage claims asserted in this action may move forward before the criminal proceeding has been concluded. In this case, they may not.

While the plaintiffs argue that a stay is not warranted in this case because they seek to challenge only the search and seizure of their property and bank accounts and do not seek to challenge the arrest of Jacob and present no claim for malicious prosecution, that argument misses the mark. The question is whether plaintiff's damage claims are "relate[d] to rulings

6

that will likely be made in a pending or anticipated criminal trial." *Wallace,* 549 U.S. at 393-394. If so, the civil action should be stayed until the criminal case is ended. *Id*. Clearly, the legality of the search and seizure of evidence which forms the basis of Jacob's criminal prosecution will be determined in the pending prosecution.

Moreover, even if this were not the case, when it is premature to determine whether a plaintiff's civil damages claims may be barred under *Heck* because of the pendency of criminal charges, under Fifth Circuit precedent, courts should stay the proceedings. *Quin*, 2010 WL 412901 at *2 *citing Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (in such cases, the court "may – *indeed should* – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two."), *Busick v. City of Madison Mississippi*, 90 Fed. Appx. 713, 713-714 (5th Cir. 2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff); *Davis v. Zain*, 79 F.3d 18, 19 (5th Cir. 1996) ("if some presently unforeseen or unarticulated conflict arises between the criminal retrial and the pending § 1983 case, the district court may consider the propriety of a stay or, perhaps, abstention").

For the above reasons;

IT IS ORDERED that the Motion to Stay [rec. doc. 17] is **GRANTED**, and accordingly, this action is stayed in its entirety until the criminal proceedings against Jacob are completed, subject to the following conditions:

> a. Within thirty (30) days of the date the state court criminal proceedings have concluded, plaintiffs must file a motion asking this Court to lift the stay. The action will proceed at that time, absent some other bar to suit. *See Wallace v. Kato*, 549 U.S. 384 (2007).
>
> b. If the criminal proceedings are not concluded within six (6) months of the date that this case is stayed, plaintiffs shall file a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every three (3) months thereafter until the stay is lifted.

Signed this 14th day of January, 2013, at Lafayette, Louisiana.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy Sent: RFD, CG
On: 01-13-2013
By: MBD